■ JERRY LION, Appellant, v ST. JOHN'S QUEENS HOSPITAL, Respondent. — In an action to recover damages for personal injuries, plaintiff appeals (1) as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Calabretta, J.), entered March 27, 1980, as is in favor of defendant and against him, upon a jury verdict on the negligence claim, and (2) from an order of the same court (Hyman, J.), dated November 26, 1980, which denied his motion to set aside the verdict and for a new trial. Judgment reversed insofar as appealed from, on the facts, the second decretal paragraph is deleted, and a new trial is granted, with costs to plaintiff to abide the event. The appeal from the order is dismissed as academic. The allegations of trial misconduct contained in appellant's *pro se* brief are unfounded and egregiously unfair. Nevertheless, reversal is required because the verdict was contrary to the weight of the evidence, particularly in light of two items of documentary evidence. One was the accident report, written by defendant's nurse, which stated: *"While* putting [another] patient on other stretcher in room gray chair fell hitting [the plaintiff] patient" (emphasis supplied). The other was the emergency clinic discharge record, written by the same individual, which stated: *"As* I was putting a patient on the other stretcher the gray chair fell over hitting the [plaintiff] patient" (emphasis supplied). When added, *inter alia,* to the equivocal nature of the nurse's testimony, these documents compel the conclusion that the verdict was contrary to the weight of the evidence. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.